## Philbrick *et al. v.* Holloway.

Where there have been three trials, and another trial would not be likely to change the result, this court will not award a new trial, although the verdict appears to be against the weight of evidence.

IN ERROR from the circuit court of the county of Wilkinson.

Smith & Gordon, for plaintiff in error.

Davidson, contra.

*Mr. Chief* Justice Sharkey delivered the opinion of the court.

The plaintiffs instituted this suit for the recovery of damages for a false warranty in the sale of a negro woman. The bill of sale bears date on the 12th of September, 1837. The first evidence of unsoundness is derived from the testimony of a physician, who was called in to see the negro about the 20th of November, 1837. He found her afflicted with a chronic sore leg, and it was his opinion that it was a sore of long standing, that it had existed for a year or more, and that in the course of time such a sore would become ingrafted in the constitution. He was a second time called in to see her, when he opened the ulcer, which had healed up, and thereby produced relief. He stated that it was necessary that it should not be permitted to heal up suddenly, and that her value was thereby depreciated one third. William. T. Mayes was also examined, who testified that in the spring of 1838, plaintiffs had proposed to sell him the negro, and accordingly sent her on trial. He soon discovered her affliction, and refused to buy. He thought her of no value.

A warranty will cover every defect which exists at the time of making it, which is unknown to the purchaser; but whether the negro was diseased at the time of sale, was a question exclusively

Philbrick *et al. v.* Holloway.

for the jury. No question of law arose on the trial, but the case is presented exclusively on a motion for a new trial on the testimony, the substance of which is above stated. The jury must have thought that it did not exist at the time of sale, and some other circumstance may have been before them which justified their conclusion. The tendency of the evidence before us is the other way, and we should have been better satisfied with a different verdict. It is remarkable, however, that so serious a malady should not have been sooner discovered, and that it was not, leaves some room for doubt as to whether it did exist at the time of sale. There is another circumstance which has great weight. It seems from the record that there had been two mistrials previous to the verdict. This would probably not have happened, if the case had not been extremely doubtful; and if we were to reverse it, judging from what has taken place, we should have no well founded reason for supposing that a fourth trial would result differently. We cannot say to the jury, you must find in a particular way on this testimony, and it seems that the plaintiffs have already had three opportunities to satisfy the judgment of the jury, in each of which they have failed, and if it must be still left to their judgment, the past results leave little room to doubt but what a fourth failure would be the consequence of a new trial.

The judgment is affirmed.